[Cite as *State v. Kintz*, 2018-Ohio-3289.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-66 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-627B |
| | : | |
| KAIRA K. KINTZ | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of August, 2018.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

DAVID R. MILES, Atty. Reg. No. 0013841, 125 West Main Street, Suite 201, Fairborn, Ohio 45324
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Kaira Kintz appeals from her conviction and sentence, following a plea of guilty, to trafficking in cocaine and trafficking in marijuana. Kintz contends that the trial court erred by imposing consecutive sentences. She further contends that the trial court erred by imposing a six-year prison term for the conviction of trafficking in marijuana. Because we conclude that the trial court did not err in sentencing, we affirm.

## I. Facts and Procedural History

{¶ 2} Following a police investigation, Kintz was indicted on twelve felony counts for trafficking in cocaine, possession of cocaine, aggravated trafficking in drugs, aggravated possession of drugs, trafficking in marijuana, possession of marijuana, and having weapons while under disability.[1] Most of the counts carried firearm specifications and/or specifications of being in the vicinity of a juvenile during the offense. The indictment also included forfeiture specifications. Following plea negotiations, Kintz entered a plea of guilty to one count of trafficking in cocaine and one count of trafficking in marijuana, both with juvenile specifications. She also agreed to forfeiture. In exchange for the plea, the State dismissed the remaining counts and specifications. There was no agreement regarding sentencing.

{¶ 3} A sentencing hearing was conducted on June 27, 2017. Thereafter, the trial court imposed a mandatory eleven-year sentence on the trafficking in cocaine conviction

---

[1] In addition to 10,000 grams of marijuana and 1,838 grams of cocaine, the police also recovered 10,000 grams of methamphetamine, over 500 assorted pills (controlled substances), $283,140.13 in cash, four firearms and ammunition.

and a six-year sentence on the trafficking in marijuana conviction, with both sentences to run consecutively for an aggregate sentence of 17 years.

{¶ 4} Kintz appeals.

## II. Trafficking in Marijuana Sentence

{¶ 5} We begin with the second assignment of error asserted by Kintz, which states as follows:

THE RECORD DOES NOT SUPPORT THE UPPER RANGE SENTENCE OF SIX YEARS FOR THE CONVICTION OF TRAFFICKING IN MARIJUANA.

{¶ 6} Kintz contends that the trial court erred by imposing a six-year prison term for the trafficking in marijuana conviction.

{¶ 7} The standard of review for felony sentencing issues is set forth in R.C. 2953.08(G)(2), which provides:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 8} In *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, the Supreme Court of Ohio stated that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. "Therefore, the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." *State v. Withrow*, 2016–Ohio–2884, 64 N.E.3d 553, ¶ 38 (2d Dist.), citing *State v. Rodeffer*, 2013–Ohio–5759, 5 N.E.3d 1069, ¶ 31 (2d Dist.).

{¶ 9} Kintz was convicted of trafficking in marijuana in violation of R.C. 2925.03(A)(2). Because the amount of marijuana was equal to or greater than 5,000 grams, and because the offense was committed in the vicinity of a juvenile, the offense was a felony of the second degree. R.C. 2925.03(C)(3)(e). The range of potential sentences for a second degree felony is two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2).

{¶ 10} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." (Citation omitted.)

*State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5797, ¶ 62. "However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12." (Citations omitted.) *Id.* Therefore, the trial court may order a defendant to serve a sentence greater than the minimum after consideration of the factors identified in R.C. 2929.12, which include facts relating to the likelihood of the offender's recidivism, and other facts that are relevant to achieving the purposes and principles of sentencing. R.C. 2929.11 provides:

> The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 11} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense. R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record.

{¶ 12} The trial court properly identified Kintz's criminal history, which supports the

likelihood of recidivism and the need to deter her from future crime. The Presentence Investigation Report (PSI) indicates that in the seven years prior to this case, Kintz had four convictions for aggravated possession of drugs, one conviction for possession of drugs, one conviction for illegal assembly or possession of chemicals for the manufacture of drugs, as well as convictions for disorderly conduct, OVI and driving under a suspended license.[2] She has previously been referred to intervention in lieu of conviction and also sentenced to community control. She was found to be in violation of the terms of both the ILC and the community control. She has also been previously sentenced to a seven-month prison term. She was under community control sanctions, in Clinton County, Ohio, at the time of the instant offenses. Further, the trial court found that Kintz did not demonstrate genuine remorse.

{¶ 13} In our view, the record supports the trial court's conclusion that the shortest prison term would demean the seriousness of Kintz's offenses and not adequately protect the public from future crime. The number of offenses tends to support the view that the shortest prison sentence would not adequately reflect the nature of her conduct, and the fact that she was under community control while engaging in multiple offenses tends to show an inability to behave in the future within the confines of the law. Kintz has not established that her sentence is contrary to law or clearly and convincingly unsupported by the record. Accordingly, the second assignment of error is overruled.

## III. Consecutive Sentences

---

[2] The conviction for possession of drugs was in Tennessee. The PSI indicates that Kintz was in possession of at least ten pounds of drugs.

{¶ 14} Kintz's first assignment of error states:

THE RECORD DOES NOT SUPPORT THE CONSECUTIVE SENTENCE

IMPOSED BY THE TRIAL COURT.

{¶ 15} Kintz contends that the record supports the imposition of concurrent, rather than consecutive, sentences.

{¶ 16} When challenging the imposition of consecutive sentences, a defendant may argue that the consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4). *State v. Adams*, 2d Dist. Clark No. 2014–CA–13, 2015-Ohio-1160, ¶ 17. A defendant may also argue that the record does not support the findings made under R.C. 2929.14(C)(4). *Id.*

{¶ 17} R.C. 2929.14(C)(4), which is an exception to the presumption in favor of concurrent sentences in R.C. 2929.41(A), provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 18} In imposing consecutive sentences, the trial court expressly found that consecutive sentences were necessary to protect the public from future crime and to punish Kintz for the offenses. The trial court further acknowledged Kintz's criminal history and noted that she has not responded favorably to previous sanctions. The trial court noted that she was under community control sanctions at the time she committed the instant offenses. The court found that consecutive sentences were not disproportionate to the seriousness of the offenses. The trial court properly incorporated its findings into its sentencing journal entry.

{¶ 19} We conclude that the trial court made the appropriate consecutive sentence findings and the record clearly reflects that the trial court engaged in the correct analysis required under R.C. 2929.14(C)(4). Furthermore, we cannot clearly and convincingly find that the record does not support the trial court's findings.

{¶ 20} Accordingly, the first assignment of error is overruled.

**IV. Conclusion**

{¶ 21} Both of Kintz's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.

FROELICH, J., concurring in judgment only.

Copies mailed to:

Andrew P. Pickering
David R. Miles
Hon. Richard J. O'Neill